## THOMAS v. DALLAS COUNTY LEVEE IMPROVEMENT DIST. No. 6.
### (No. 1058—5269.)

Commission of Appeals of Texas, Section B. Jan. 22, 1930.

H. Bascom Thomas, Jr., of Dallas, for plaintiff in error.

George Titterington, John Craig, and Harold Sanders, all of Dallas, for defendant in error.

LEDDY, J. This is a suit brought by the Dallas county levee improvement district No. 6, defendant in error, against H. Bascom Thomas, plaintiff in error, to recover taxes alleged to be due by him for the years 1921, 1922, 1923, and 1924.

Plaintiff in error pleaded the statute of limitations against the recovery of taxes for the years 1921 and 1922. It is conceded that the right to recover taxes for the years 1921 and 1922 is barred if the plea of limitation is available to plaintiff in error under the statutes of this state.

The levee district involved in this case was organized under what is known as the Laney Act, being chapter 44, Acts of the Fourth Called Session of the 35th Legislature, p. 97.

Prior to the decision of the case of State of Texas for Dallas County Bois D'Arc Island Levee District v. Martin C. Glenn, 13 S.W.(2d) 337, 15 S.W.(2d) 1028, by Section A of the Commission of Appeals, there was a decided conflict in the decisions of the Courts of Civil Appeals upon the question as to whether a taxpayer was entitled to plead limitation in suit for taxes due to a levee district. The above decision settled this question in favor of the right of the taxpayer to rely upon the statute of limitation. Under the authority of the above case, we hold that plaintiff in error's plea of limitation against the levee district's right to recover taxes for the years 1921 and 1922 should have been sustained.

We concur in the disposition made by the Court of Civil Appeals of all of the remaining questions presented in the case, with the exception of its holding that plaintiff in error was not entitled to a hearing and assessment of benefits before a tax could be legally levied against him to pay the interest and create a sinking fund for the second issue of bonds voted by the district in the amount of $70,000.

It appears from the record that when this district was organized an original plan of reclamation was duly approved by the state

reclamation engineer, and bonds amounting to $220,000 were issued to cover the cost of the improvements shown by such plan. Plaintiff in error was duly accorded a hearing, and 48 acres of land owned by him situated in the district were found by the commissioners of appraisement to be benefited by the proposed improvements to the amount of $100 per acre. Some months after this work was completed, a petition signed by the owners of the majority of the acreage of the district was presented to the supervisors with the request that such supervisors join them in a petition requesting the commissioners' court of Dallas County to call an election to determine whether or not the district should authorize the issuance of $70,000 additional bonds. The petition of the property owners and supervisors of the district was accordingly presented to the commissioners' court of Dallas county, in which it was set forth that there was a pressing necessity for the further issuance of bonds by said district, in that the 'sloughs, creeks, and many branches running into said district from the foot hills occasioned the demand for extensive ditching, digging of canals, and laterals, for the protection of lands within the district and "the completion of the system of levees already begun."

The election was duly called by the commissioners' court, and resulted in the majority of the votes being cast in favor of the bonds, and they were thereafter issued and approved by the Attorney General.

The order of the commissioners' court authorizing the issuance of the bonds contained the following recital: "It is further ordered that to pay the principal amount of the above stated additional bonds when due, and to pay the interest thereon as the same matures, an additional tax rate sufficient to raise and produce for the years and the amounts as follows:" Then follows the amount of the principal and interest to be collected each year from the year 1921 to and including the year 1951.

The taxes sued for by defendant in error for the years 1923 and 1924 included the taxes levied under the above bond issue.

Plaintiff in error asserts that to hold his property liable for the tax so assessed amounts to a taking of the same without due process of law in violation of both state and federal Constitutions, in that he was not accorded a hearing on the question of benefits to his land upon the carrying out of the supplemental plan of reclamation in which the district sought to build new and additional improvements to those set out in the original plan of reclamation, and which are substantially different therefrom. It appears that approximately $39,000 of the second bond issue was used to construct ditches, sluices, and laterals, which constituted no part of the original plan of reclamation.

A proper determination of the question thus raised requires a review of the provisions of the act under which the district was organized. The authority for the making of additional improvements is contained in section 55 of the act (Acts 35th Legislature, Fourth Called Session, p. 114). This section reads as follows: "Sec. 55. If it should develop that the works and improvements set out in any plan of reclamation adopted by or on behalf of a levee improvement district are found insufficient to reclaim in whole or in part any or all of the lands and other property within the district, or if extensive repairs or additions to such works are deemed necessary, then in respect thereto the board of supervisors of the district, upon petition of the owners of a majority of the acreage of the district, may proceed *in all respects* to provide additional funds for such additional works, *in accordance with the provisions of this Act, in respect to the original plan of reclamation,* and may, *under like limitations,* create additional indebtedness or issue additional bonds, but always *subject to every limitation in respect to such original proceedings,* as well as the approval of the new or amended plan of reclamation by the State Reclamation Engineer."

We think it clear from the provisions of this section that, when a levee district undertakes a new construction of levees, or other work not a part of the original plan of reclamation, and desires to create an indebtedness against the district therefor, it can only be created by compliance with all provisions required for the issuance of bonds to pay the cost of work covered by the original plan of reclamation. In other words, such additional work or new construction is, as stated in the act, "always subject to every limitation in respect to such original proceedings." This language is clear, definite, and specific and is susceptible of but one construction.

This construction is confirmed when we consider section 55 in connection with the provisions of section 38, in which directions are given to the taxing authorities of the district with reference to assessing and collecting taxes upon property within such district. It is there provided: "When bonds shall have been issued by any levee improvement district the taxing authorities of such district shall levy and cause to be assessed and collected taxes upon all the real property and railroads within such district, *based upon and proportioned, as to each piece of property, to the net benefits which it shall have been found will accrue to such property from the completion of the plan of reclamation or other duly authorized work,* which taxes shall be sufficient in amount to pay the interest," etc.

The Legislature might have authorized the district to have resorted to other methods of taxation by fixing some uniform rule, such as

an ad valorem tax on the value of the property, on the acreage basis, or any other basis which would provide an equitable distribution of the burden upon the property owners. T. & P. Ry. Co. v. Ward County Irrigation District, 112 Tex. 593, 251 S. W. 212; Dallas County Levee District v. Looney, 109 Tex. 326, 270 S. W. 310. The legislative will as expressed in the Laney Act shows that it had not seen fit at that time to resort to any method of taxation for such districts, except upon the basis of the amount of benefits to property situated in such district that might be received by reason of the improvements authorized to be made. Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 17 S. Ct. 56, 41 L. Ed. 269; Kansas City Ry. Co. v. Road Improvement District, 256 U. S. 65, 41 S. Ct. 604, 65 L. Ed. 1151.

We conclude that it was contemplated under the plain terms of the Laney Act that, when a levee district sought to create an indebtedness against the district by the issuance of bonds, it could not lawfully levy a tax upon the property situated within the district to meet such indebtedness, except upon the basis of benefits that might accrue to the property by reason of the contemplated improvements. Of course, if the improvements sought to be made were merely a completion of those shown by the original plan of reclamation, then a second hearing would be unnecessary, as the taxpayer has already had his hearing based upon the theory of the completion of the improvements according to the original plan of reclamation. Where, however, as here, improvements are sought to be made that are not a part of the original plan of reclamation, but are such as to constitute new and additional work not contemplated or covered by the original plan, the property holder is entitled to a hearing and the assessment of benefits before his property can be burdened with the taxes necessary to pay the indebtedness created thereby.

■ It is suggested by defendant in error that section 56 of the Laney Act provided a sufficient remedy by which plaintiff in error might obtain relief from the levy of the tax to secure the second bond issue if the same was inequitable to him. This section provides that at any time *after* three years from the completion of any plan of reclamation a reassessment of benefits may be had, provided the owners of 25 per cent. or more of the acreage of land within the levee improvement district should sign a petition to the board of supervisors of the levee district alleging that previous assessments of benefits were inequitable, and praying for a readjustment of the assessments of benefits for the purpose of making a more equitable basis for the levy of taxes. A complete answer to this contention, we think, is that, as plaintiff in error was entitled under the Constitution to a hearing on the assessment of benefits to his land before the tax could be legally levied, such right

could not be made subject to the caprice or whim of any other property holder. In other words, in order to avail himself of such remedy he would be required to obtain a petition signed by the owners of 25 per cent. of the acreage of the land within the levee improvement district, whereas he was entitled to this right under the state and federal Constitutions, irrespective of the action of any other property holder. Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387.

There is an additional reason why the provisions of section 56 would not afford any remedy to the plaintiff in error. He was not permitted to avail himself of the right granted thereunder until after three years from the completion of the plan of reclamation. Before any right to proceed thereunder accrued to plaintiff in error, this section was repealed by the Legislature, and a new provision adopted in lieu thereof. This substitute provision was not available to the plaintiff in error, for the reason that it in effect provided that action thereunder should be taken within one year after the adoption of the plan of reclamation, and this time limit had expired when the statute became effective. The net result, therefore, of the remedies which it is contended were afforded plaintiff in error, was a statute which was repealed before the right to avail himself of its terms accrued, and the substitution of another statute which barred him from proceeding thereunder because the time within which he was permitted to proceed had expired at the time the law became effective. It thus appears that neither of these acts provided any remedy whatever which the plaintiff in error could have availed himself of had he desired to do so.

Our holding necessitates a reversal and rendition of the judgment for the taxes for the years 1921 and 1922 in favor of plaintiff in error, and a reversal and remand for another trial of that part of the judgment awarding recovery against plaintiff in error for the taxes for the years 1923 and 1924, with instructions to the trial court upon another trial to eliminate that part of the taxes for the years 1923 and 1924 which was levied to meet such portion of the second bond issue of $70,000 as is found to have been used for new construction work, not contemplated under the original plan of reclamation.

We therefore recommend that the judgment of the trial court and the Court of Civil Appeals be reversed and rendered in favor of plaintiff in error for the amount recovered for taxes for the years 1921 and 1922, and that as to the recovery of taxes for 1923 and 1924 the judgment be reversed and the cause remanded for another trial not inconsistent with the views herein expressed.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals reversed and rendered for plaintiff in error in

part and in part reversed and remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.