ROBINSON v. NAVARRO COUNTY LEVEE IMPROVEMENT DIST. NO. II et al.

No. 958.

Court of Civil Appeals of Texas. Waco.

Oct. 9, 1930.

Rehearing Denied Nov. 13, 1930.

Henry Tirey and E. E. Hurt, both of Dallas, and Taylor & Howell, of Corsicana, for appellant.

W. P. Dumas, of Dallas, and Jester & George, of Corsicana, for appellees.

BARCUS, J.

This is an agreed case under the statutes. Appellee, the levee improvement district, was created in Navarro county under the provisions of <u>articles</u> 7972 to 8030, inclusive. In the petition therefor and in the order creating same it was specifically stated that the taxes proposed to be levied therein would be on the ad valorem basis. The commissioners of appraisement were regularly appointed, and they assessed the damages accruing to the respective properties within said district. In making the appraisement the question of benefits to the respective tracts of land was not considered by the commissioners of appraisement. The sole question for determination, under the agreement of counsel, is whether the commissioners of appraisement were authorized under the law to assess only damages, or was it their duty to assess benefits to or against each particular piece of property as well as damages thereto.

Article 7997 of the Revised Statutes recites: "In a district in which taxes are levied on the ad valorem basis, commissioners of appraisement shall be appointed and shall proceed in like manner as provided by Articles 7991 to 7995, inclusive, of this Act, excepting that they shall not assess any benefits."

Appellant's contention is that in all levee improvement districts the only basis on which taxes can be assessed is that of benefits accruing to the land by reason of the levee improvement, and that same cannot be assessed on an ad valorem basis unless the benefits thereto were fixed by the commissioners of appraisement at the time the levee district was formed. This question has, we think, both by statutes and the decisions of our Supreme Court, been decided against appellant. Article 7997 of the Revised Statutes above quoted provides specifically that in a levee district where the taxes are to be levied on an ad valorem basis, the commissioners shall not assess any benefits. In Dallas County Levee District No. 2 v. Looney, 109 Tex. 326, 207 S. W. 310, 313, the Supreme Court specifically held that the statutes authorizing the creation of the levee district, and having the taxes assessed either on the benefit basis or the ad valorem basis, were constitutional, and that the method of assessing could be fixed at the time of the creation of the district, and specifically held that taxes levied on the ad valorem plan was not only constitutional, but was the usual method followed. It stated:

"It cannot be said as a matter of law that a rule which apportions taxes of this character according to the value of the property affected is one plainly arbitrary and unfair. It is a veteran rule for the apportionment of property taxes, sanctioned by immemorial usage and universally applied. It is the one most familiar to the people. Its general justice is not open to challenge. It is an approved method for the apportionment of taxes of this kind. Its adoption was a matter of legislative discretion.

"It has been repeatedly held by the Supreme Court of the United States that legislative acts providing for the levy of taxes for local improvements according to the value of the property affected are not arbitrary"— cites a number of authorities.

This same doctrine was reaffirmed by the Supreme Court in Thomas v. Dallas County Levee District No. 6 (Tex. Com. App.) 23 S. W.(2d) 325, and Rutledge v. State, 117 Tex. 342, 7 S.W.(2d) 1071. There is no contention in this case by appellant that his tax rendition is excessive, or that his land is rendered at a higher value than its actual worth, or that it is rendered at a higher value than that of any other property within the levee district.

■ The statutes authorizing the creation of a levee district provide specifically that any one whose property is embraced therein has a right to appeal from the decision of the commissioners of appraisement to the district court, and there have all of the issues relative thereto determined. Appellant was given this opportunity. He appeared before the commissioners and presented his case and saw fit to abide by their decision. We do not think there was any error in the action of the trial court in rendering judgment for appellees against appellant on their cross-action for the admitted taxes due.

The judgment of the trial court is affirmed.