DALLAS COUNTY LEVEE IMPROVEMENT DISTRICT NO. 6
v. LOUIS HENGY, JR.

No. A-1185. Decided April 30, 1947.
Rehearing overruled June 25, 1947.
Second Motion for Rehearing overruled July 16, 1947.
(202 S. W., 2d Series, 918.)

*Storey, Sanders, Sherrill & Armstrong* and *Harold B. Sanders,* of Dallas, for petitioner.

*Leo R. Tresp,* of Dallas, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Dallas County Levee Improvement District No. 6 brought this suit against Louis Hengy, Jr., to foreclose a lien on land for taxes levied for the payment of the bonded indebtedness of the district. The trial court instructed a verdict for the plaintiff and rendered judgment accordingly. The judgment was reversed by the Court of Civil Appeals and the cause remanded for a new trial. 199 S. W. (2d) 230.

The plaintiff is a levee improvement district created in 1919 under the Laney Act. Acts 1918, 4th C. S., ch. 44 (Title 83, ch. 2a of the Complete Texas Statues of 1920) ; R. S. 1925, Art. 7972 et seq. (The Laney Act was repealed in 1925, but

the repealing act preserved rights acquired under the original act. Acts 1925, ch. 21, secs. 66 and 68.) Under the Laney Act a majority of the landowners of any proposed district could petition the Commissioners' Court, setting forth the boundaries of the proposed district and requesting that it be created into a levee improvement district for conserving and reclaiming the land situated therein. If the petition was granted, a plan of reclamation was to be adopted and bonds could be voted by a majority of the voters within the district for the purpose of carrying out the plan. All taxes levied for the payment of the bonds were to be on the benefit assessment plan. For this purpose the Act provided for the creation of "Commissioners of Appraisement" to assess the benefits and damage that would accrue to the varous tracts of land within the district by reason of the carrying out of the reclamation plan. All landowners were entitled to notice of the meeting of the Commissioners of Appraisement and the right to appear and protest the assessment against their property.

At the time this district was created a plan of reclamation was adopted, the benefits duly assessed against the various tracts of land within the district, bonds in the sum of $220,000.00 were voted, and a tax was levied against the land for the payment of the bonds. Shortly thereafter it was found that other and additional improvements were needed in order to fully protect all of the land within the district. Accordingly, a supplemental plan of reclamation was adopted and additional bonds in the sum of $70,000.00 were voted. All the proceedings in connection with the supplemental plan and the issuance of the additional bonds were in accordance with the provisions of the statute, except that no Commissioners of Appraisement were appointed and the landowners were not given any opportunity to appear before any board of commission for the purpose of protesting the assessment of benefits against their property. There was never any appraisement of the benefits that would accrue to the land under the supplemental plan. The Commissioners' Court simply levied the tax for payment of new bonds on the basis of the benefits assessed under the original plan.

The defendant does not question the validity of either the original or supplemental bonds, nor does he question the validity of the taxes levied for the payment of the original bonds, but he does contend that the taxes levied for the payment of the $70,000.00 in bonds issued under the supplemental plan were illegally levied.

This identical question, involving the same bonds in the same district, was before this Court in the case of Thomas v. Dallas County Levee Improvement District No. 6 (Com. App.), 23 S. W. (2d) 325, and it was there held that the tax sought to be levied for the payment of so much of the supplemental bonds as was used to complete the additional work not contemplated under the original plan of reclamation was illegal. The plaintiff conceded this to be true but relies on a subsequent validating act to authorize the levy of the tax here in question.

The validating act relied on is Acts of 1930, 41st Legislature, 5th Called Session, chapter 58, page 201 (Vernon's Annotated Civil Statutes, Article 8007a). Section 2 of that act provides that whenever any levee improvement district, operating under the assessment benefit plan of taxation, has heretofore voted and issued additional bonds for the purpose of constructing other improvements pursuant to amended or supplemental plans of reclamation, and the amount of the additional bonds and the outstanding bonded indebtedness did not exceed the amount of assessed benefits theretofore found by the Commissioners of Appraisement, "said bonds are hereby declared to be legal, valid and binding obligations of such levee improvement district, and the Commissioners' Court of the county * * * are hereby fully authorized and empowered to levy upon and against all of the taxable property in any such district, and to collect, *in the manner* and at the time *now or hereafter provided by statute,* sufficient taxes to pay the interest on said bonds and provide a sinking fund for the payment of said bonds at maturity. The net benefits which it shall have been found by the *Commissioners of Appraisement, by appraisement now, or that may hereafter be made,* will accrue to each piece of taxable property within such district from the completion of the supplemental plan of reclamation and additional improvements for which such additional bonds are issued." (Italics ours.)

If the above statute undertook to validate taxes levied on a benefit assessment basis without giving the property owner notice and an opportunity to be heard on the amount of the assessment against his property, we would be confronted with the question as to its validity. See Vance v. Town of Pleasanton (Tex. Civ. App.), 261 S. W. 457; Id. (Tex. Com. App.), 277 S. W. 89; and Browning v. Hooper, 269 U. S. 369, 70 L. Ed. 330. But this act does not go that far. It authorizes the levy of the tax only "in the manner * * * now or hereafter provided by statute." The last sentence thereof, quoted above, although incomplete, evidences an intention that the benefits are to be

found by "the Commissioners of Appraisement, by appraisement now, or that may hereafter be made." The present statute regulating the assessment of taxes by levee improvement districts, where the tax is to be assessed on the benefit assessment plan, authorizes such assessment only where Commissioners of Appraisement have been appointed and such Commissioners, after notice to the property owner and a hearing, have duly assessed the amount of the benefits. Acts 1925, 39th Leg., ch. 21, p. 50 (Vernon's Ann. Civ. Stats., Art. 7991 to 7996). There has never been any such appraisement of the benefits that will accrue from the improvements contemplated under the supplemental plan. Consequently there was never any lawful determination of the basis for the assessment of the taxes.

■ From the above, we are of the opinion that any taxes levied for the payment of the original bonds are valid, but those levied for the payment of the supplemental bonds are not valid. Plaintiff's petition does not segregate these taxes, and for this reason it is necessary that the cause be remanded to the trial court for further development.

The judgment of the Court of Civil Appeals, in so far as it reverses the judgment of the trial court, is affirmed, and the cause is remanded to the trial court with instructions to ascertain the amount of the unpaid taxes levied for the payment of the original bonds and interest, and to enter judgment therefor, and to dismiss the suit for the taxes levied for the payment of the supplemental bonds, without prejudice, however, to any right plaintiff may have under the validating act to have the benefits of the supplemental plan reappraised as of the time of the issuance of the bonds, and to have such taxes reassessed.

Opinion delivered April 30, 1947.

### ON REHEARING.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

■ In its motion for rehearing petitioner asserts that a part of the funds received from the sale of the supplemental bonds was used to complete the original plan of reclamation. We fail to find proof of this fact in the record, but doubtless it will be more fully developed upon another trial.

It is undisputed that a part of the funds received from the sale of the supplemental bonds was used for new work not contemplated under the original plan. Since there was never

any appraisement of the benefits that would accrue to the property owner from the new work contemplated under the supplemental plan, there was no valid levy of a tax to pay that part of the bonds issued for that purpose; and there can be no valid levy for that purpose until such appraisement has been made. But under the holdings of this Court in Thomas v. Dallas County Levee Improvement District No. 6 (Com. App.), 23 S. W. (2d) 325, a tax could be levied (without a new appraisal of benefits) for the payment of such portions of the bonds as was used to complete the work contemplated under the original plan. If, upon another trial, it should develop that a part of the proceeds of the supplemental bonds was so used, then a recovery can be had for any taxes properly levied for the payment of that portion of the bonds..

■ However, it is asserted that a tax of $2.00 per each $100.00 assessed benefits was levied to pay the entire indebtedness evidence by the supplemental bonds. It is apparent, then, that the assessment was in part legal and in part illegal. Where a tax has been levied for a purpose, part of which is legal and part illegal, the lawful part will be sustained if it can be clearly and definitely ascertained and separated from the unlawful part; otherwise the whole levy will be held invalid. 61 C. J. 574, sec. 704; Dean v. Lufkin, 54 Texas 265; Nalle v. City of Austin, 91 Texas 424, 44 S. W. 66; Stetson v. Kempton, 13 Mass. 272, 7 Am. Dec. 145.

In Nalle v. City of Austin this Court had before it a case in which the City had levied a tax of 91 cents on the $100.00 valuation of property to pay the interest and provide a 2% sinking fund for a bond issue in the sum of $1,400,000.00, but of which only $950,000.00 had been sold. It seems to have been conceded that the City had no right to levy a tax for the payment of the unsold bonds, but that it could make a levy for the payment of the bonds that were outstanding. The trial court held that a levy of 61-3/4 cents on the $100.00 valuation was reasonably sufficient to pay the interest and to provide a 2% sinking fund for the bonds that had been sold, and a judgment for taxes at the proportionate rate was sustained. (See Nalle v. City of Austin (Civ. App.), 42 S. W. 780.) This Court affirmed the judgment on the ground that the legal part of the tax was capable of definite ascertainment and apportionment. It was there said that where "it is found that such tax is in part lawful and in part illegal, if the legal and illegal parts are capable of definite ascertainment and apportionment, a

court will apportion the taxes and give judgment for that part which might lawfully have been levied."

Since the record does not show whether it can be definitely ascertained what amount of the second bond issue was used to complete the original plan, we are unable to say whether the tax rate of $2.00 per $100.00 benefit assessment can be apportioned so as to authorize the collection of the proportionate tax necessary to pay that part of the bonds. This is a matter that may be ascertained upon another trial.

The judgment heretofore entered, remanding the cause with instructions set out in the original opinion, is set aside and in lieu thereof the cause is remanded for a new trial not inconsistent with this opinion.

Opinion delivered June 25, 1947.

Second rehearing overruled July 16, 1947.