## HENGY v. DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO. 6.

### No. 14228.

Court of Civil Appeals of Texas. Dallas.

July 7, 1950.

Rehearing Denied Sept. 29, 1950.

Tresp & Tresp, Dallas, for appellant.

Storey, Sanders, Sherill & Armstrong, Dallas, for appellee.

YOUNG, Justice.

This is a second appeal of appellee's suit for collection of delinquent Levee District taxes against appellant's 34.4 acres of land. See Tex.Civ.App., Waco, 199 S.W.2d 230 and 146 Tex. 95, 202 S.W.2d 918, for relevant facts and law of the case as there determined. Upon a trial, the court withdrew the cause from the jury after both parties had moved for an instructed verdict, then rendering judgment against defendant in amount of $4,-762.20, taxes claimed for 1929 to 1943, both inclusive together with interest, penalties, and decree of foreclosure, which record is before us for review.

As has been heretofore stated, Levee Improvement District No. 6 was created in 1918 under authority of the Laney Act, 35th Legislature, 4th Called Session, chapter 44, p. 97. Bonds in amount of $220,000 were voted and issued under a plan of reclamation adopted by a majority of the district land owners, taxes levied for payment of bonds to be based on benefits received from the project when completed. While work on above plan was under way, it became evident that funds were insufficient to complete the improvement, along with some new construction work that the engineers found to be necessary. Accordingly in 1920 additional bonds were voted in the amount of $70,000, the statute being followed in all respects in issuance thereof except that there was no hearing before Commissioners of Appraisal as to benefits accruing under the supplemental plan; the Commissioners Courts of the several counties, Dallas, Rockwall and Kaufman, simply levying a tax for payment of the additional bonds on basis of benefits assessed under the initial plan of reclamation.

The Supreme Court in original opinion simply condemned as invalid the second issue of bonds ($70,000) because a tax had been levied to pay them without affording the property owner an opportunity to be heard on amount of the additional assessment against his property; remanding cause to the trial court for purpose of ascertaining "the amount of the unpaid taxes levied for the payment of the origin..l bonds and interest, and to enter judgment therefor, and to dismiss the suit for the taxes levied for the payment of the supplemental bonds, without prejudice, however, to any right plaintiff may have under the validating act to have the benefits of the supplemental plan reappraised as of the time of the issuance of the bonds, and to have such taxes reassessed." [146 Tex. 95, 202 S.W. 2d 920.] On rehearing and contention that part of the supplemental bond issue had been expended to complete the original plan of reclamation, the cause was remanded for a determination of the amount, if any, that was used for such purpose, which portion of the supplemental bonds was declared legal on the principle that where a tax has been levied having both legal and illegal elements, "the lawful part will be sustained if it can be clearly and definitely ascertained and separated from the unlawful part; otherwise the whole levy will be held invalid."

In consequence and on the present trial, the jury answered "Yes," to issue 1: "Do you find from a preponderance of the evidence that any part of the proceeds of the $70,000 bond issue in question was used to complete the work contemplated under the original plan of reclamation approved by the State Reclamation Engineer and identified as Plaintiff's Exhibit No. 46?" And to issue 2, answered that $33,440 was the amount of proceeds of the $70,000 bond issue "used to complete the work contemplated under the original plan." Both parties filed motions for judgment, attaching form thereof, that of the Levee District being approved with rendition accordingly. For reasons hereinafter apparent each of these requested judgments must be given a rather close analysis, in light of the following facts, which, under opinions of the Supreme Court, the Court of Civil Appeals and also by stipulation of the parties, must be regarded as undisputed:

(1) The District lies largely in Dallas County, eastern part, with small area extending into both Rockwall and Kaufman. Appellant's tract of 34.4 acres was out of the J. M. Rowe Survey, acquired by him in 1935. At time the District was created and benefits originally assessed, it was a part of 89 acres owned by John A. Pope. In 1919, before the $220,000 issuance of bonds, the Board of Appraisers had fixed the sum of $8,860 as the amount of benefits accruing to the 89-acre tract by reason of the levee improvement; and the Waco Court, Tex. Civ.App., 199 S.W.2d 230, has ruled that where portions of District lands were sold off, a proration of tax would follow in proportion to the acreage so sold; resulting in this instance in the sum of $3,419 $\frac{34.4}{89}$ of $8,860) as benefits accruing to the Hengy land here involved.

(2) A tax of $4.50 per $100 of benefits assessed against the real estate in said Levee District was levied by the Commissioners Court of Dallas County for the year 1920, the order providing that during each year thereafter while the $220,000 of bonds or any of them were outstanding, there should be computed and ascertained what rate of tax would be necessary to pay annual interest thereon and produce a sinking fund for full payment at maturity, which tax "hereby is ordered to be levied, assessed and collected * * *." A similar order fixing tax rate at $4.50 per $100 of assessed benefits appears to have been passed by the Commissioners Courts of both Rockwall and Kaufman Counties with respect to the $220,000 bond issue. Likewise in 1920 and relative to the supplemental bond issue of $70,000, the Commissioners Court of Dallas County levied a tax of $2.00 per $100 of assessed benefits for the year 1921, the order being identical with that already described concerning the $220,000 of bonds except as to tax rate; in which connection defendant admitted by stipulation that the Commissioners Courts of Rockwall and Kaufman Counties authorized the supplemental issue of $70,000

in bonds, along with a tax levy of $2.00 per $100 of assessed benefits "for 1921, and for each and every year thereafter while the bonds were outstanding * * *."

(3) A few days before the previous trial, appellee's tax records were taken from the courthouse by G. H. Hickman and R. D. Keys, District land owners, for purpose of an audit and while in possession of Keys were stolen. However, in 1945 Hengy had secured from the office of Dallas County Tax Collector the following delinquent tax statement which, in opinion of the Waco Court, made out a prima facie case against appellant of tax liability on the original issue of bonds ($220,000):

| "Abstract | Survey | Acres | City or Town | Lot No. | Block Addition |
| 1237 | J. M. Rowe | 89 | | Levee tax only | |

| Year | How Assessed | State tax | State Poll | Int. & Pen | | |
|------|-------------|-------|------------|-----------|--|--|
| 1919 | John A. Pope | 89 ac | | | | 398.70 |
| 1920 | " " | 89 ac | Paid 2/21/22 | (398.70) | | —0— |
| 1921 | " " | 89 ac | | | | 177.20 |
| 1922 | " " | 89 ac | Paid 1/31/23 | (575.90) | | —0— |
| 1923 | " " | 89 ac | Paid 1/31/24 | (578.50) | | —0— |
| 1924 | " " | 89 ac | Paid 1/23/25 | (578.50) | | —0— |
| 1925 | " " | 89 ac | Paid 1/26/26 | (578.50) | | —0— |
| 1926 | John A. Pope | 89 ac | | | | 356.00 |
| 1927 | " " | 89 ac | | | | 356.00 |
| 1928 | " " | 89 ac | | | | 356.00 |
| 1929 | " " | 89 ac | | | | 578.00 |
| 1930 | C. M. Powell | 119 ac | | | | 416.00 |
| 1931 | " " | 119 ac | | | | 416.00 |
| 1932 | John A. Pope | 89 ac | | | | 178.00 |
| 1933 | C. M. Powell | 89 ac | | | | 178.00 |
| 1934 | " " | 89 ac | | | | 178.00 |
| 1935 | " " | 89 ac | | | | 178.00 |
| 1936 | " " | 89 ac | | | | 178.00 |
| 1937 | " " | 89 ac | | | | 178.00 |
| 1938 | " " | 89 ac | | | | 178.00 |
| 1939 | " " | 89 ac | | | | 178.00 |
| 1940 | " " | 89 ac | | | • | 178.00 |
| 1941 | " " | 89 ac | | | | 178.00 |
| 1942 | " " | 89 ac | | | | 178.00 |
| 1943 | C. M. Powell | 89 ac | | | | 178.00 |
| 1944 | " " | 46 ac | | | | 1380.00 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

This is to certify that I have made diligent search of the tax records of this office and there appears therefrom no delinquent State and County taxes unpaid upon the above described property, except for the years shown. This statement is made for the purpose of showing the condition of taxes on this date and is not to be construed as a receipt or to be binding as to such taxes. ED COBB Assessor and Collector of Taxes By—Henry Schupbach, Deputy."

(4) These further facts and calculations should be borne in mind: (a) That the various Commissioners Courts had originally set the tax levies at $4.50 for 1920 on the $220,000 issue and $2.00 for 1921 on the $70,000 issue, which rate of levy was to continue, it may be assumed, "until modified," (at least so far as the Dallas County

lands were concerned); Art. 8012, R.C.S. 1925; (b) that with reference to above quoted delinquent tax statement (plaintiff's Exhibit 52), by mathematical calculation the annual assessment against the John A. Pope 89 acres for year 1929 is found to be $6.50,—$4.50 applicable to the $220,000 of bonds and $2.00 to the supplemental issue. Aided by Minute Book, District Supervisor (defendant's Exhibit 2),[1] the district tax assessment for years 1930–1931 appears as $4.00 per $100 of benefits, with a $2.00 assessment for years 1932 to 1943 inclusive; and (c) that without statutory hearing and reappraisal of benefits with respect to the supplemental bond issue, taxes could legally be assessed to pay *only the amount of proceeds thereof used to complete the original plan,* i. e., $33,440 (jury verdict); a tax conceded by both parties to be in proportion to $\frac{33,440}{70,000}$ of the $2.00 levy, or 94 cents per $100 of benefits.

The trial court found in the judgment under review dated September 22, 1949 that as to the original bond issue, taxes had been levied and assessed against Hengy's 34.4 acres at rate of $4.50 per $100 of benefits (total benefits $3,419) for the years 1929 to 1943 inclusive, rendering judgment in amount of $153.86 for each year plus accumulated interest and penalties; computing the assessment and taxes due on the $70,000 by formula of $\frac{33,440}{70,000}$ x $2.00 x $3,419, or $32.66 per year; and because the taxes due thereon had not

theretofore been capable of definite ascertainment or tender, defendant was not chargeable with interest or penalties on the annual tax of $32.66 over the numbered years.[2]

Defendant in turn filed a motion for judgment reading in part: "That there is no evidence that any of the taxes from the years 1932 to 1943, both inclusive, were levied, assessed for the payment of the $220,000.00 bond issue but that all the evidence shows that said taxes were assessed solely for the purpose of paying said $70,000 issue." Defendant thereby sought entry of judgment, viz.: That as to the $220,000 bond issue and for the year 1929 the sum of $153.86 was due for taxes, based upon an assessment of $4.50 per $100 benefits; for years 1930 and 1931 at a $2.00 rate of assessment per $100, the sum of $68.36 was due annually, all amounts carrying interest and penalties; that no taxes had been assessed to retire the $220,000 bond issue since 1931; the $2.00 assessment per $100 benefits shown by the evidence (plaintiff's Exhibit 52, defendant's Exhibit 2) having been assessed to retire the supplemental bonds, of which only $0.94 was validly due and collectible under the jury verdict; and in consequence defendant was liable only for $32.66 annually over the remaining period (1932 to 1943); resulting in a maximum liability and judgment of $1,139.22.

Above two judgments (court-rendered and defendant's requested form) are similar

1. In this Exhibit (Supervisor's record book, District No. 6), the following notations of Claude Stevenson, Secretary, appear: Rate of assessment 1930 and 1931, $4.00 per $100; 1933 to 1943, $2.00, except that rates for years '32 and '34 and '38 are omitted.

2. On November 4, 1949 plaintiff filed motion to reform the foregoing judgment, attaching thereto another form of judgment, asking court approval. This motion (not acted upon) first recited that, perforce of the 1945 delinquent tax statement in evidence, the taxes assessed and uncollected against Hengy's land were as follows: $6.50 per $100 of assessed benefits for 1929; $3.50 per $100 for years 1930, 1931 and $2.00 per $100 for the years 1932 to 1943 inclusive; that by vir-

tue of the jury verdict, taxes leviable and assessable for all these years were at a rate not to exceed $4.50 plus $\frac{33,440}{70,000}$ $2.00 (94 cents), or a maximum of $5.44 of assessed benefits, covering the total issue of bonds—$290,000; praying that the September judgment be corrected and modified so as to fix liability against Hengy for 1929 in amount of $5.44 x 34.19 ($3,419) of assessed benefits, or a total of $185.99; for the years 1930 and 1931 "at the rate so used for such years" as shown by aforesaid delinquent tax statement; that is, at rate of $3.50 per $100, and for years 1932 to 1943 inclusive at rate of $2.00 per $100, plus accumulated interest and penalties, or a total judgment of $2,418.19.

in the following recitals: That defendant's tax liability for 1929, interest and penalties, is undisputed; and that the $2.00 tax assessment from 1932 through 1943 related solely to the second bond issue, 94 cents of which was collectible under the jury verdict.

██ However, the court has erroneously found under the judgment rendered a continuous tax assessment of $4.50 per $100 benefits (amount of original levy) as applicable to the first issue of bonds; the evidence conclusively pointing to a modification of the District assessment in 1930 and '31 ($4.00), and again in succeeding years ($2.00), as has been heretofore shown. In assuming a $4.50 assessment, the court has obviously undertaken to assess taxes which have not been assessed by appellee District. It is well settled that a court is without power to assess taxes and that, absent a valid assessment by the proper authorities, statutory officials, Art. 8014, no right of action exists for their collection. 40 Tex.Jur., p. 229; Brown County Water Improvement District No. 1. v. McIntosh, Tex.Civ.App., 164 S.W.2d 722.

Our Supreme Court in former appeal, supra [146 Tex. 95, 202 S.W.2d 920], on original submission held: " * * * we are of the opinion that any taxes levied for the payment of the original bonds are valid, but those levied for the payment of the supplemental bonds are not valid. Plaintiff's petition does not *segregate* these taxes, and for this reason it is necessary that the cause be remanded * * *." (Emphasis ours.) On rehearing, the cause was remanded for the further purpose of allowing appellee District on retrial to show, if it could, what amount of the second bond issue was used to complete the original plan; and with reference to this, Chief Justice Alexander went on to say: "Since the record does not show whether it can be definitely ascertained what amount of the second bond issue was used to complete the original plan, we are unable to say whether the tax rate of $2.00 per $100.-00 benefit assessment can be apportioned so as to authorize the collection of the proportionate tax necessary to pay that part of the bonds. This is a matter that may be as-

certained upon another trial." In such connection it is evident that above quoted requirements and instructions of the Supreme Court have been complied with on this, another trial: (1) The jury has determined, with competent evidence in support, the amount of proceeds of the second bond issue that was necessary to complete the original project; resulting in the formula of $\frac{33,440}{70,000}$ x $2.00, or 94 cents per $100 benefits that may legally be collected to retire the supplemental bonds; and (2) the parties have virtually committed themselves to a *segregation* of assessments, such being the effect of defensive pleading (fourth amended original answer), the recitals of defendant's judgment and motion therefor; complaining on this appeal (point six) of the trial court's refusal to approve the same; and plaintiff on its part having elected to consider the $2.00 assessment as applicable to the second bond issue for the years 1932 to 1943 inclusive in the judgment it now seeks to sustain.

██ It therefore appears upon careful review of a record unsatisfactory at best, that defendant's form of judgment reflects the maximum recovery to which plaintiff is entitled under the law of the case, the theory upon which the same was tried and issues adjudicated. Reference is made by appellee to the Waco Court of Civil Appeals holding that assessments covering the two bond issues need not be segregated, citing Articles 7326 and 8017, sec. (e). This would ordinarily be true, but not so where, as here, the assessment for both bond issues is in a lump sum, less than the rate originally authorized ($6.50), along with partial invalidity of the second bond issue; a segregation of assessments applicable to each bond issue becoming absolutely essential to a determination of what part thereof is actually valid and collectible. Our conclusions just preceding constitute in effect a sustaining of appellant's point six; and in consequence he is in no position to urge a consideration of his remaining points and they are severally overruled.

Appellant does not attack the validity of either the first or second bond issue, or the validity of the *levy* of taxes to pay said

first issue. His principal attack has been on the validity of any tax levy to pay the second bond issue on which no appraisals of benefits were had; and without further reappraisement the amount of assessment to pay said last mentioned bonds must be determined by the formula of $\frac{33,440}{70,000}$ x $2.00, or 94 cents per $100 of benefits. The $4.50 tax levy to pay original bonds has never been the subject of attack and is not now attacked; and by the jury verdict herein it is settled that taxes may be levied up to $5.44 per $100 of assessed benefits, any tax rate less than said maximum of $5.44 being also valid and collectible.

Appellant has never paid any amount of Levee taxes, reiterating in testimony that he has repeatedly offered to pay same upon receipt of a proper statement. Undoubtedly, ever since his purchase of land in the Levee vicinity, there has been a good deal of confusion among District and tax officials both with respect to the amount of Hengy acreage lying in the District and the amount of assessments legally due by him.

The Clerk is directed to make the proper calculation as to amount of taxes due in accordance with defendant's form of judgment herein, as same appears in transcript, page 78 et seq., without prejudice to right of plaintiff District to back-assess taxes above the total of recovery herein up to the authorized maximum levy of $5.44. As thus modified, judgment of the trial court is in all respects affirmed. Appellant having tendered a proper form of judgment to be rendered herein, all costs of appeal should be taxed against appellee.